IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELVIN L. JONES,

    **Plaintiff,**

    v.

NATHAN J. BOECKMAN, et al.,

    **Defendants.**

Case No. 19-CV-4076-HLT

## MEMORANDUM AND ORDER

Plaintiff Kelvin L. Jones filed this action alleging claims for malicious prosecution, excessive force, and negligent supervision, stemming from an altercation outside a bar in Manhattan, Kansas. Defendants Terry Priest d/b/a Tate's on Moro and Jarred Robert Garcia[1] move to dismiss Plaintiff's sole claim against them—his malicious prosecution claim—arguing that Plaintiff fails to state a claim and dismissal is therefore warranted under Federal Rule of Civil Procedure 12(b)(6). Doc. 13. For the reasons discussed below, the Court grants the motion to dismiss. Specifically, the Court finds that Plaintiff fails to allege facts demonstrating that Defendants instituted, procured, or continued the criminal prosecution against him so as to give rise to liability for malicious prosecution.

### I.    BACKGROUND[2]

On June 3, 2018, Plaintiff was at an event at Tate's on Moro ("Tate's"), a bar owned and operated by Priest and located in Manhattan, Kansas. Towards the end of the night, Plaintiff

---

[1] Plaintiff also names as defendants five police officers involved in the altercation and arrest. But those defendants are not parties to the pending motion to dismiss. Therefore, for ease of reference, the Court refers to the moving defendants—Priest and Garcia—collectively as "Defendants."

[2] These facts are taken from the well-pleaded allegations of the complaint, and, consistent with the standards for evaluating motions to dismiss under Rule 12(b)(6), the Court assumes the truth of these facts for purposes of analyzing the motion to dismiss.

stepped out of Tate's briefly and a bouncer, believed to be Garcia, stopped Plaintiff before he could reenter. There was a verbal exchange between Plaintiff and the bouncer about the bar closing soon, during which Plaintiff began to dance near or around the bar's entrance. The bouncer then grabbed Plaintiff, told him "you're out of here," and pushed him to the ground.

The bouncer continued to push Plaintiff—who was not resisting—after he was outside the bar. A crowd began to gather, drawing the attention of officers with the Riley County Police Department, which is located directly next to Tate's. During the ruckus, Plaintiff was pushed back inside Tate's. A police officer then grabbed Plaintiff and dragged him outside. At this point, Plaintiff fell, suffered a head injury, and lost consciousness. While Plaintiff was still on the ground, the police held a taser to his back, placed his head between two bars, twisted his arms behind him, and handcuffed him. Plaintiff was subsequently charged with interference with law enforcement.[3] Approximately three months later, Plaintiff filed this civil action against the bar (through the bar's owner), the bouncer, and various police officers involved in the altercation and arrest.

## II.    STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility

---

[3] Those charges were dismissed on July 23, 2018.

of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, the Court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

III. **ANALYSIS**

As discussed above, Plaintiff alleges only one claim against Defendants: malicious prosecution. Under Kansas law, in order to establish a claim for malicious prosecution, the plaintiff must prove: "(1) that the defendant instituted, procured or continued the criminal proceeding of which the complaint is made, (2) that the defendant in so doing acted without probable cause and with malice, (3) that the proceeding terminated in favor of the plaintiff, and (4) that the plaintiff sustained damages." *Allin v. Schuchmann*, 886 F. Supp. 793, 797 (D. Kan. 1995) (citing *Braun v. Pepper*, 578 P.2d 695, 698 (Kan. 1978)).

Defendants focus their briefing on the first element. A defendant typically institutes or procures a criminal proceeding within the meaning of the first element by signing a criminal complaint against the plaintiff. *Crow v. United States*, 659 F. Supp. 556, 571 (D. Kan. 1987). Otherwise, the defendant must be active in continuing the prosecution, such as by urging further prosecution. *Allin*, 886 F. Supp. at 798. Here, Defendants contend that Plaintiff simply cannot demonstrate they "instituted, procured, or continued the criminal proceeding of which the complaint is made"—i.e., the prosecution for interference with law enforcement. In response, Plaintiff argues the bouncer triggered the events that led to his arrest and charges, thereby playing an instrumental role in his prosecution.

The Court agrees with Defendants and finds that dismissal of Plaintiff's claim against them is warranted. First, Plaintiff's allegation that Defendants "contributed to the continuance of

3

prosecution against [Plaintiff]" (Doc. 1-1 ¶ 37) is a legal conclusion and the Court therefore declines to accept it as true. *See Iqbal*, 556 U.S. at 680-81 (finding that bare assertions amounted to nothing more than reciting the elements of a claim making them legal conclusions insufficient to support a claim).

Second, disregarding that legal conclusion and turning to Plaintiff's actual factual allegations, the well-pleaded facts do not establish that Defendants "instituted, procured, or continued" Plaintiff's prosecution for interference with law enforcement. The facts that Plaintiff argues support this element are his allegations that the bouncer pushed Plaintiff several times outside Tate's, causing a "crowd" to gather around the exchange and alerting law enforcement to the area, at which point Plaintiff, still surrounded by a crowd of people, was "pushed back inside the door to Tate's." Doc. 1-1 ¶¶ 18-23. But Plaintiff does not cite any case law indicating that a claim for malicious prosecution may arise simply because an individual acted in such a manner so as to draw the attention of law enforcement.

In his opposition brief, Plaintiff argues that the bouncer, by pushing him outside and drawing a crowd, alerted law enforcement. Doc. 14 at 6. Then, by continuing to push Plaintiff, even after law enforcement arrived, the bouncer directed them to Plaintiff. *Id.* Finally, by silently standing by as law enforcement grabbed Plaintiff, the bouncer "aided the police in the false dichotomy that force was necessary against" him. *Id.* But for these actions, Plaintiff argues, law enforcement never would have used excessive force or wrongfully arrested him for interference with law enforcement. *Id.* at 6-7. Therefore, Plaintiff concludes, Defendants "played an instrumental role" in the prosecution. *Id.* at 7. The only legal support Plaintiff offers for this argument is *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004). In *Pierce*, the defendant—a police department forensic chemist—relayed fraudulent evidence to the police and the district attorney

in connection with a rape prosecution, which the district attorney then used to bring charges against the plaintiff. *Id.* at 1291-92. The Tenth Circuit held that the defendant, through these actions, played an "instrumental" role in the continued prosecution of the plaintiff. *Id.* But, in this case, Plaintiff alleges simply that the bouncer pushed him outside the bar and that law enforcement observed the incident. Plaintiff does not allege that Defendants put forth fraudulent evidence or had any involvement in the criminal proceedings after Plaintiff's arrest. Simply put, the facts in *Pierce* bear no similarity to the facts alleged by Plaintiff in this case.

Third, Plaintiff does not explain how Defendants could institute, procure, or continue a criminal prosecution for "interference with law enforcement"—which, as Defendants point out in their briefing, has nothing to do with the actions of Defendants and, rather, was related to Plaintiff's conduct once law enforcement arrived on the scene. The charge of "interference with law enforcement" was directed at Plaintiff's altercation with the police, not at his interaction with Defendants. *See* K.S.A. § 21-5904(a)(3) (stating that interference with law enforcement includes "knowingly obstructing, resisting or opposing [a law enforcement officer] in the discharge of any official duty"). Plaintiff was not charged in connection with his altercation with the bouncer or his reentry to Tate's. Therefore, because Defendants were not victims under the interference charge, they cannot have commenced criminal proceedings against Plaintiff. *See Lindsey v. Orlando*, 232 F. Supp. 3d 1027, 1032-33 (N.D. Ill. 2017) (dismissing a plaintiff's complaint alleging that airline staff, by calling the police, commenced a malicious prosecution for battering a police officer because the charge was not based on the conduct preceding the battery).

Finally, the Court addresses Plaintiff's argument that dismissal is improper because he has not yet had the opportunity to conduct any discovery on his claims. In his opposition, Plaintiff contends that facts regarding the extent of Defendants' involvement in alerting law enforcement,

and Defendants' failure to explain the circumstances of the event, have not been fully discovered. Doc. 14 at 7. The Court rejects this argument for two reasons. First, Plaintiff does not cite any case law supporting his argument that a lack of discovery is a sufficient basis to justify denial of a motion to dismiss. And a plaintiff does not get to use discovery to try to find facts to support a deficient claim. Second, even more egregious conduct would not save Plaintiff's claim. Plaintiff cites no case law, and the Court can find none, supporting Defendants' liability had Defendants, for example, called 911, accused Plaintiff of assault and battery, and pointed him out when the police arrived. Again, nothing Defendants said or did before the police arrived could give rise to the interference with law enforcement charge. It was only after the police entered the fray that the conduct forming the basis for the interference charge occurred.

Under Rule 8(a), Plaintiff must plead "minimal factual allegations" on each element to recover. *See Shroff v. Bernardo*, 920 F. Supp. 156, 159 (D. Kan. 1996). Plaintiff has not pleaded sufficient facts for the Court to plausibly infer that Defendants instituted, procured, or continued the criminal prosecution against him. As such, dismissal of Plaintiff's claim against Defendants under Rule 12(b)(6) is warranted.

**IV.     CONCLUSION**

THE COURT THEREFORE ORDERS that the Motion to Dismiss filed by Defendants Terry Priest d/b/a Tate's on Moro and Jarred Robert Garcia (Doc. 13) is GRANTED.

IT IS SO ORDERED.

Dated: December 18, 2019                     /s/ *Holly L. Teeter*
                                             HOLLY L. TEETER
                                             UNITED STATES DISTRICT JUDGE